## UNITED STATES DISTRICT COURT

## NEW JERSEY DISTRICT COURT

| | |
|---|---|
| **RYAN RUSSELL, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,** | |
| **Plaintiff,** | **Case No.** _____ |
| v. | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **CROSCILL HOME LLC, a Delaware limited liability company,** | |
| **Defendant.** | |

Plaintiff RYAN RUSSELL ("Plaintiff"), individually and on behalf of all others similarly situated, makes the following allegations based on his personal knowledge of his own acts and, otherwise, upon information and belief including based on investigation of counsel.

## NATURE AND SUMMARY OF THE ACTION

1.     Plaintiff, by and through undersigned counsel, brings this action both on his own behalf and on behalf of the class defined below, comprised of all individuals similarly situated within the State of New Jersey, to redress the unlawful commercial practices employed by Defendant CROSCILL HOME LLC (hereinafter "Defendant") regarding unlawful terms and conditions that purport to govern products purchased from Defendant's website, www.croscill.com.  Specifically, and as detailed more fully below, Defendant's website contains a consumer contract (entitled "Terms & Conditions") that purports to impose illegal exculpatory and other such provisions and purports to nullify certain legal duties and responsibilities possessed by Defendant.

1

2.      Defendant has imposed the unfair, one-sided provisions in its Terms & Conditions in violation of certain statutory and common law standards and New Jersey's Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNA"), *N.J.S.A.* 56:12-14 *et seq.*

### PARTIES

3.      Plaintiff Ryan Russell is an individual adult resident and citizen of Ocean County, New Jersey, and is a member of the Class alleged herein.

4.      Plaintiff purchased Defendant's Longmont Tealight Holder through Defendant's website, www.croscill.com, on or about December 24, 2015.  Plaintiff and Class Members are "consumers" and/or "prospective consumers" as defined by *N.J.S.A.* 56:12-15.

5.      Defendant Croscill Home LLC is organized as a limited liability company under the laws of the State of Delaware, with its headquarters located at 261 Fifth Avenue, Floor 25, New York, New York 10016.  Defendant is a "seller" as described in *N.J.S.A.* 56:12-15.  As such, Defendant is a citizen of Delaware and New York.

6.      At all relevant times, Defendant sold products by means of its website, www.croscill.com, in the State of New Jersey, utilizing unfair, one-sided provisions in its "Terms & Conditions" consumer contract which violate New Jersey law.

7.      Defendant markets its goods and services throughout the State of New Jersey by means of its website.  As such, New Jersey courts maintain a significant interest in regulating Defendant's conduct which emanates from New Jersey.

### JURISDICTION AND VENUE

8.      Jurisdiction is proper in this Court pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d), because members of the proposed Class are citizens of states different from

Defendant's home state, there are more than 100 Class Members, and the amount-in-controversy exceeds $5,000,000 exclusive of interest and costs.

9.      This Court has jurisdiction over the Defendant named herein because Defendant has sufficient minimum contacts with New Jersey and/or otherwise intentionally avails itself of the laws and markets of New Jersey, through the promotion, sale, marketing and distribution of its goods and services in New Jersey, to render the exercise of jurisdiction by the New Jersey courts permissible.

10.      Venue is proper in this District under 28 U.S.C. §1391(b) because Defendant's improper conduct alleged in this complaint occurred in, was directed from, and/or emanated from this judicial district, because Defendant has caused harm to Class Members residing in this district, and/or because the Defendant is subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

11.      Defendant markets a variety of home décor products throughout the State of New Jersey, via its website, www.croscill.com.

12.      Plaintiff and Class Members purchased products from Defendant's website and/or were prospective consumers otherwise displayed and/or offered Defendant's "Term's & Conditions". Consumers and prospective consumer's using Defendant's website were purportedly subject to a website document entitled "Terms & Conditions."

13.      The "Terms & Conditions" purport to be a binding agreement between Defendant and all individuals who use the website and/or purchase any of the products available on Defendant's website, as shown below:

> These General Terms and Conditions of Use ("Terms") are entered into by and
> between you and Croscill.com ('Croscill'). In consideration of your use of and access
> to this Internet site and the promises and obligations herein, and intending to be legally
> bound, you and Croscill hereby agree as follows: Your access to and use of the Croscill
> site is subject to these Terms, as well as any modifications issued by Croscill to these

Terms, and all applicable laws and regulations. BY USING THIS SITE, YOU AGREE
TO AND WILL BE DEEMED TO BE BOUND BY THESE TERMS. If you do not want
to be bound by these Terms, do not use the Croscill site.

14.     The representatively binding provisions in the "Terms & Conditions" purport to
impose illegal conditions upon individuals who visit Defendant's website and/or purchase products
from the site.

15.     Despite clear law to the contrary, Defendant's Terms & Conditions purport to
deprive Plaintiffs' of their legal right to pursue a remedy for harms arising from Defendant's
tortious acts.  Similarly, the Terms & Conditions purport to absolve Defendant of its responsibility
to refrain from creating an unreasonable risk of harm to consumers.

16.     The Terms & Conditions also purport to absolve Defendant from any liability for
manufacturing or selling dangerous or substandard products.  Likewise, under the Terms &
Conditions, it appears that Plaintiffs are barred from seeking redress for injuries occurring from
Defendant's unsafe products.

17.     All of these provisions violate the TCCWNA.

A.  Terms and Conditions Which Purport to Exculpate Defendant From Liability for Any and
    All Tortious Actions and Purport to Deny Plaintiffs Grounds for Redress Violate the
    TCCWNA.

18.     New Jersey law specifically prohibits the type of exculpatory clause contained in
Defendant's "Terms & Conditions".  Exculpatory provisions are disfavored by New Jersey law
because "they undermine one purpose of tort law, which is to deter careless behavior by a party in
the best position to prevent injuries in the first place." *See Martinez-Santiago v. Public Storage*,
38 *F.Supp.3d* 500, 512-513 (D.N.J. 2014) ("[h]ere, the exculpatory provision purports to hold
[defendant] harmless for most losses incurred by consumers, except those that are the direct result
of [defendant's] fraud or willful conduct. Although Plaintiff plausibly pleads that such a broad
exculpatory provision is not permitted under New Jersey law, the provision purports to be

4

enforceable in the lease agreement. Plaintiff states a valid claim that this is the kind of provision that TCCWNA was designed to address."); *see also Marcinczyk v. State of N.J. Police Training Comm'n*, 203 *N.J.* 586, 593 (2010).

19.    Defendant purports to disclaim:

"...ANY INDIRECT, CONSEQUENTIAL, INCIDENTAL, SPECIAL, OR PUNITIVE DAMAGES, INCLUDING BUT NOT LIMITED TO LOST PROFITS AND BUSINESS INTERRUPTION, WHETHER IN CONTRACT OR IN TORT, INCLUDING NEGLIGENCE, ARISING IN ANY WAY FROM ANY PRODUCT OR SERVICE SOLD OR PROVIDED ON THE Croscill WEBSITE, EVEN IF Croscill IS EXPRESSLY ADVISED OF THE POSSIBILITY OF SUCH DAMAGES. IN NO EVENT SHALL Croscill's LIABILITY EXCEED THE PRICE YOU PAID FOR THE PRODUCT OR SERVICE THAT IS THE SUBJECT OF THE CLAIM."

This provision purports to bar Plaintiffs from asserting any cause of action against Defendant for its negligence or failure to exercise a basic standard of care in their dealings with consumers and prospective consumers. Likewise, the provision purports to absolve Defendant of its legal responsibility to exercise reasonable care and avoid creating an unreasonable risk of harm to Plaintiffs.

20.    Under well-established New Jersey law Defendant owes a duty of care to Plaintiffs to avoid creating an unreasonable risk of harm. Plaintiffs harmed by Defendant's unreasonable conduct are entitled to collect damages, not just reimbursement for the product they purchased. This provision purports to remove Defendants responsibility to act reasonably and purports to bar Plaintiffs from redress for a breach of Defendants standard of care. This provision is contrary to New Jersey law. *See, e.g. Hopkins v. Fox & Lazo Realtors*, 132 N.J. 426, 448 (1993).

21.    As such, the exculpatory clause violates the TCCWNA.

B.    Terms and Conditions Which Purport to Deny Rights, Responsibilities and Remedies Under the New Jersey Products Liability Act ("NJPLA") Violate the TCCWNA.

22.     Additionally, the above-referenced provision purports to absolve Defendant of its responsibility to manufacture and sell safe products.  The provision further purports to bar Plaintiffs from exercising their legal right to seek redress under the NJPLA. *See, N.J.S.A.* 2A:58C-1, *et al.*

23.     Namely, Defendant states under its "Disclaimer and Limitation of Liability as to Products and Services" that:

> UNDER NO CIRCUMSTANCES SHALL Croscill, ITS PARENT, SUBSIDIARIES & AFFILIATES OR THEIR RESPECTIVE DIRECT OFFICERS, EMPLOYEES OR AGENTS ITS SUPPLIERS OR THEIR RESPECTIVE DIRECTORS, OFFICERS, EMPLOYEES OR AGENTS BE LIABLE TO YOU OR TO ANY THIRD PARTY FOR ANY INDIRECT, CONSEQUENTIAL, INCIDENTAL, SPECIAL, OR PUNITIVE DAMAGES, INCLUDING BUT NOT LIMITED TO LOST PROFITS AND BUSINESS INTERRUPTION, WHETHER IN CONTRACT OR IN TORT, INCLUDING NEGLIGENCE, ARISING IN ANY WAY FROM ANY PRODUCT OR SERVICE SOLD OR PROVIDED ON THE Croscill WEBSITE, EVEN IF Croscill IS EXPRESSLY ADVISED OF THE POSSIBILITY OF SUCH DAMAGES. IN NO EVENT SHALL Croscill's LIABILITY EXCEED THE PRICE YOU PAID FOR THE PRODUCT OR SERVICE THAT IS THE SUBJECT OF THE CLAIM.

24.     This provision purports to deprive individuals of their rights and remedies under the NJPLA and purports to absolve defendants of their duty to manufacture and distribute a reasonably safe product free from defects.

25.     The NJPLA was passed based on Legislative findings "that there is an *urgent need* for remedial legislation to establish clear rules with respect to certain matters relating to actions for damages for harm caused by products, including certain principles under which liability is imposed and the standards and procedures for the award of punitive damages." *N.J.S.A.* 2A:58C-1 (emphasis added).

6

26.   Under the NJPLA, "[a] manufacturer or seller of a product shall be liable in a product liability action . . . if the claimant proves by a preponderance of the evidence that the product causing the harm was not reasonably fit, suitable or safe for its intended purpose because it: (a.) deviated from the design specifications, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae, or (b.) failed to contain adequate warnings or instructions, or (c.) was designed in a defective manner." *N.J.S.A.* 2A:58C-2.

27.   Plaintiffs who prevail under the NJPLA are entitled to recover damages resulting from their injury, including punitive damages if properly demonstrated. *See e.g. N.J. Civ. Jury Charge* 1.12(O); *Fischer v. Johns-Manville Corp.*, 103 *N.J.* 643, 670-71 (1986) ("punitive damages are available in . . . strict products liability actions when a manufacturer is (1) aware of or culpably indifferent to an unnecessary risk of injury, and (2) refuses to take steps to reduce that danger to an acceptable level. This standard can be met by a showing of 'a deliberate act or omission with knowledge of a high degree of probability of harm and reckless indifference to consequences.'") (internal citations omitted).

28.   Given the clear danger of unsafe products as recognized by the New Jersey Legislature, to purport to deny people a cause of action for harm arising from a potentially unsafe product is contrary to established New Jersey law.  Additionally, there would be a chilling effect if consumers and prospective consumers were led to believe such exculpatory provisions are enforceable.  Defendants would be able to purport to contract away their statutorily fixed obligation to refrain from producing dangerous products.  Likewise, Plaintiffs would mistakenly believe they are barred from seeking relief for serious injury arising from defective products.  This would result in a reduction in costs for unscrupulous manufacturers and sellers while companies

creating safe products would be burdened with a higher cost of doing business. The ultimate effect would be a proliferation of unsafe products and injured Plaintiffs believing they have no grounds for redress. Clearly, this was not the Legislature's intent when the NJPLA was enacted.

29.     It *was*, however, the Legislature's intent in drafting the TCCWNA to prevent against this type of harm. Plaintiffs have a legal right under the NJPLA to bring suit to recover damages from manufacturers and sellers of dangerous products, not just to be reimbursed for the cost of the defective product. Likewise, Defendant has a statutorily imposed duty to refrain from introducing dangerous products into the marketplace and are liable for same.

30.     These "Terms & Conditions" therefore violate the TCCWNA.

C.  <u>Terms and Conditions Which Purport to Deny Rights, Responsibilities and Remedies Under the New Jersey Punitive Damages Act ("NJPDA") Violate the TCCWNA.</u>

31.     Additionally, Defendant purports to deprive Plaintiffs of their remedies under the NJPDA. *N.J.S.A.* 2A:15-5.9 *et seq*.

32.     Defendant represents that persons using their website are barred from seeking redress against "Croscill, ITS PARENT, SUBSIDIARIES & AFFILIATES OR THEIR RESPECTIVE DIRECT OFFICERS, EMPLOYEES OR AGENTS ITS SUPPLIERS OR THEIR RESPECTIVE DIRECTORS, OFFICERS, EMPLOYEES OR AGENTS . . . FOR . . . PUNITIVE DAMAGES" for harm caused by their products or services.

33.     This language purports to take away a clearly established right under the NJPDA to pursue punitive damages against a defendant who with actual malice or wanton and willful disregard cause harm to foreseeable plaintiffs. *N.J.S.A.* 2A:15-5.12.

34.     Plaintiffs' right to pursue punitive damages against a defendant who is recklessly indifferent to the consequences of harm to others is dually well recognized by New Jersey common law. *See, e.g. Smith v. Whitaker*, 160 N.J. 221, 241 (1999); *Nappe v. Anschelewitz, Barr, Ansell &*

8

*Bonello*, 97 N.J. 37, 49 (1984); *see also Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610 (1997)(noting that to justify punitive damages award defendant's conduct must be reckless); *DiGiovanni v. Pessel*, 55 N.J. 188, 190 (1970)(noting punitive damages may be justified by defendant's "conscious and deliberate disregard of the interests of others")(*quoting* William Prosser, *Handbook on the Law of Torts* § 2 (2d ed. 1955)).

35.    A provision that purports to bar Plaintiffs from exercising their rights under the NJPDA is therefore unlawful.  Likewise, such a provision is shocking to the conscience in that it purports to absolve Defendant of its duty to refrain from willfully and/or recklessly creating an unreasonable risk of harm to others even if expressly informed its conduct is reasonably likely to cause harm to consumers and/or prospective consumers.  Indeed, under Defendants terms and conditions "EVEN IF Croscill IS EXPRESSLY ADVISED OF THE POSSIBILITY OF SUCH DAMAGES" they purport not to be liable for any punitive damages.

36.    This provision purports to insulate Defendant even if an accusation of punitive damages is specifically pled in a complaint as required by *N.J.S.A.* 2A:15-5.11 and Defendant is expressly made aware its conduct is malicious or willfully and/or wantonly reckless.

37.    Such a provision is unlawful under the NJPDA in that it purports to deny Plaintiffs their legal rights to pursue punitive damages under the Act.  Additionally, the provision purports to absolve Defendant of any accountability in the form of punitive damages even if expressly made aware that their conduct is malicious or wantonly and/or willfully reckless likely to cause damage to consumers and prospective consumers.

38.    This provision thereby violates the TCCWNA.

D.  <u>Terms and Conditions Which Purport to Deny Rights, Responsibilities and Remedies Under the Uniform Commercial Code ("U.C.C.") Violate the TCCWNA</u>

39.     Defendant purports to bar Plaintiffs from asserting any claim "WHETHER IN CONTRACT OR IN TORT" for damages arising from the use of Defendants' products and services.

40.     This provision purports to deny Plaintiffs their rights and remedies under the U.C.C. to recover damages for economic harm and/or harm to property.

41.     The NJ U.C.C. provides "a comprehensive system for determining the rights and duties of buyers and sellers with respect to contracts for the sale of goods[.]" *Corestar Int'l Pte. Ltd. v. LPB Commc'ns, Inc.*, 513 F. Supp. 2d 107, 116 (D.N.J. 2007); *N.J.S.A.* 12A:1-101, *et seq.*

42.     Buyers who purchase commercial goods from merchants have a litany of remedies under the N.J. U.C.C. when a seller breaches his or her duty.  These remedies include damages for economic and property damage. *N.J.S.A.* 12A:2-701, *et seq*; *Spring Motors Distributors, Inc. v. Ford Motor Co.*, 98 N.J. 555, 581-82 (1985) ("the U.C.C. 'is generally regarded as the *exclusive source* for ascertaining when a seller is subject to liability for damages if the claim is based on intangible economic loss not attributable to physical injury to person or harm to a tangible thing other than the defective product itself.'") (quoting W. Prosser & W. Page Keeton, *Handbook of the Law of Torts* § 97 at 680 (5th ed. 1984)).

43.     Defendant purports to strip Plaintiffs' of their legal rights under the U.C.C. to seek damages for property damage and economic loss against Defendant.  Additionally, this provision purports to absolve Defendants of their responsibility to refrain from breaching contract agreements and/or causing property and/or economic harm to Plaintiffs under the U.C.C.

44.     This clause is thereby unlawful and violates the TCCWNA.

E.   Defendants "Terms & Conditions" Violate the TCCWNA

45.     New Jersey consumer protection laws, including the TCCWNA, are designed to protect individuals from the type of unconscionable and illegal provisions contained in Defendant's "Terms & Conditions" as set forth above.

46.     Defendant's imposition upon consumers of the above-described provisions in its "Terms & Conditions" violates certain common law standards and statutory provisions, including, but not limited to the New Jersey Product Liability Law, New Jersey Punitive Damages Act and Uniform Commercial Code and thus violates TCCWNA, most particularly *N.J.S.A.* 56:12-15.

47.     Plaintiff therefore brings the statutory claim alleged herein to halt Defendant's continued use of the illegal language in its disclaimers of liability provisions included in the "Terms & Conditions" on Defendant's website, and to impose those remedies provided for in the TCCWNA.

## CLASS ACTION ALLEGATIONS

48.     Plaintiff brings this class action pursuant to Rule 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of himself and all members of the following Class:

> **All individuals in the State of New Jersey to whom were offered, given, displayed or entered into the Terms and Conditions referred herein, on Defendant's website, www.croscill.com, during the applicable statute of limitations through the date of final judgment in this action.**

49.     Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment.

50.     Specifically excluded from the proposed Class is Defendant, its officers, directors, and employees.  Also excluded from the proposed Class is the Court, the Court's immediate family and Court staff.

## FRCP 23(a) Factors

51.     **Numerosity.** Membership in the Class is so numerous that separate joinder of each member is impracticable.  The precise number of Class Members is unknown at this time but can be readily determined from Defendant's records.  Plaintiff reasonably estimates that there are thousands of persons in the Class.

52.     **Adequacy of Representation.** Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.  Plaintiff has retained counsel highly experienced in complex consumer class action litigation and intends to prosecute this action vigorously. Plaintiff is a member of the Class described herein and does not have interests antagonistic to, or in conflict with, the other members of the Class.

53.     **Typicality.** Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class were offered, displayed and/or otherwise entered into the "Terms & Conditions" set forth on Defendant's website, www.croscill.com, and were subjected to the illegal and predatory exculpatory provisions on that website.

54.     **Existence and Predominance of Common Questions of Law and Fact.**  There are central and substantial questions of law and fact common to all Class Members that control this litigation and predominate over any individual issues.  Included within the common questions are the following:

a)  Whether Defendant includes on its website, www.croscill.com, a contract entitled "Terms & Conditions" that includes provisions entitled "Disclaimer of and Limitation of Liability as to this Site and Content" and "Disclaimer and Limitation of Liability as to Products and Services";

b)  Whether the "Disclaimer of and Limitation of Liability as to this Site and Content" and "Disclaimer and Limitation of Liability as to Products and Services" provisions

of Defendant's "Terms & Conditions" contain exculpatory language which disclaims liability for virtually any claim under tort or negligence or otherwise arising from the goods and/or services sold from their website, and absolves Defendant from any liability for intentional tortious conduct and from any liability for dangerous or substandard products;

c) Whether the exculpatory language in the "Disclaimer of and Limitation of Liability as to this Site and Content" and "Disclaimer and Limitation of Liability as to Products and Services" provisions of Defendant's "Terms & Conditions" violates New Jersey statutory and common law;

d) Whether the exculpatory language in the "Disclaimer of and Limitation of Liability as to this Site and Content" and "Disclaimer and Limitation of Liability as to Products and Services" provisions of Defendant's "Terms & Conditions" violates New Jersey's TCCWNA, *N.J.S.A.* 56:12-14 *et seq.*;

e) Whether the Class is entitled to relief pursuant to *N.J.S.A.* 56:12-17, terminating the "Disclaimer of and Limitation of Liability as to this Site and Content" and "Disclaimer and Limitation of Liability as to Products and Services" provisions contained in Defendant's "Terms & Conditions";

f) Whether Plaintiff and Class Members are entitled to a civil penalty of not less than $100 for each violation of the TCCWNA pursuant to *N.J.S.A.* 56:12-17;

g) Whether Plaintiff and Class Members are entitled, pursuant to *N.J.S.A.* 56:12-17, to reasonable attorneys' fees and court costs, and in what amount; and

h) Whether Plaintiff and Class Members are entitled to declaratory and/or other equitable relief.

**FRCP 23(b)(2)**

55.     Defendant has acted on grounds generally applicable to the entire Class, thereby warranting final relief pursuant to *N.J.S.A.* 56:12-17, whereby the above-referenced language in the "Disclaimer of and Limitation of Liability as to this Site and Content" and "Disclaimer and Limitation of Liability as to Products and Services" provisions of the "Terms & Conditions" would be terminated, which would be appropriate with respect to the Class as a whole.   The prosecution of separate actions by individual Class Members would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant.

56.     Relief under *N.J.S.A.* 56:12-17, whereby the above-referenced language in the "Disclaimer of and Limitation of Liability as to this Site and Content" and "Disclaimer and Limitation of Liability as to Products and Services" provisions of the "Terms & Conditions" would be terminated, is necessary to prevent further predatory and illegal business practices by Defendant.  Money damages alone will not afford adequate and complete relief, and the relief sought is necessary to restrain Defendant from continuing to commit its predatory and illegal policies.

**FRCP 23(b)(3)**

57.     **Common Issues Predominate:** As set forth in detail herein above, common issues of fact and law predominate because all of Plaintiff's TCCWNA claims are based on a common course of conduct. Whether the above-referenced language in Defendant's "Disclaimer of and Limitation of Liability as to this Site and Content" and "Disclaimer and Limitation of Liability as to Products and Services" provisions contained in its "Terms & Conditions" imposes illegal conditions on persons is an issue common to all members of the Class and is the predominant

14

issue, and Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

58.  **Superiority.** A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

a)  Given the size of the claims of individual Class Members, as well as the resources of Defendant, few, if any, could afford to seek legal redress individually for the wrongs alleged herein;

b)  This action will permit an orderly and expeditious administration of the claims of Class Members, will foster economies of time, effort and expense, and will ensure uniformity of decisions;

c)  Any interest of Class Members in individually controlling the prosecution of separate actions is not practical, creates the potential for inconsistent or contradictory judgments, and would create a burden on the court system;

d)  Without a class action, Class Members will continue to suffer as a consequence of Defendant's illegal and predatory conduct, Defendant's violations of law will proceed without remedy, and Defendant will continue to reap and retain the substantial proceeds derived from its wrongful and unlawful conduct.  Plaintiff and the Classes are entitled to appropriate civil penalties.  This action presents no difficulties that will impede its management by the Court as a class action.

59.  Certification is also warranted under Rule 23(b)(2) of the Federal Rules of Civil Procedure because Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making final relief pursuant to *N.J.S.A.* 56:12-17 appropriate with respect to the Class as a whole.

## CLAIM FOR RELIEF

Based on the foregoing allegations, Plaintiff's claims for relief include the following:

## COUNT I
**Violations of the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNA")**
*N.J.S.A.* **56:12-14,** *et seq.*

60.     Plaintiff hereby incorporates by reference each of the preceding and subsequent paragraphs of this complaint as though fully set forth herein.

61.     The TCCWNA declares "No seller … shall in the course of his business offer to any consumer or prospective consumer or enter into any written consumer contract or give or display any written consumer warranty, notice or sign after the effective date of this act which includes any provision that violates any clearly established legal right of a consumer or responsibility of a seller … as established by State or Federal Law at the time the offer is made or the consumer contract is signed or the warranty, notice or sign is given or displayed." *N.J.S.A.* 56:12-15.

62.     Defendant is a "seller" within the meaning of *N.J.S.A.* 56:12-15.

63.     Plaintiff is a "consumer" as contemplated by *N.J.S.A.* 56:12-15.

64.     Defendant's "Terms & Conditions" constitute a consumer contract displayed and/or offered by seller to Plaintiff and the putative class.

65.     The "Terms & Conditions," as detailed above, include provisions that violate the legal rights Plaintiff and the class and/or responsibility of the seller.

66.     First, Defendant has included on its website, www.croscill.com, language in the "Disclaimer of and Limitation of Liability as to this Site and Content" and "Disclaimer and Limitation of Liability as to Products and Services" provisions of the "Terms & Conditions" that

purports to disclaim liability for virtually any claim under tort or negligence or otherwise arising from their use of the website and/or purchase of goods or services from the website.

67.     Such exculpatory provisions are disfavored by New Jersey law because "they undermine one purpose of tort law, which is to deter careless behavior by a party in the best position to prevent injuries in the first place." *See, Martinez-Santiago, supra,* 38 F.Supp.3d at 512-13.  Moreover, this provision purports to deprive Plaintiffs of their right to a cause of action for damages suffered as a result of any unreasonable risk of harm created by Defendants.  Likewise, the provision purports to absolve Defendants of their legal responsibility to exercise due care and refrain from creating an unreasonable risk of harm to persons.  Such a provision is contrary to well-established principles of common law and contrary to the TCCWNA.

68.     In addition, these Terms and Conditions purport to absolve Defendant of its responsibility to manufacture and/or sell a safe product.  Likewise, the Terms and Conditions purport to bar Plaintiffs from asserting a claim under the NJPLA for injuries suffered as a result of Defendant's dangerous products.  This provision is contrary to the NJPLA and defies the Legislatures' intent in attempting to address the "urgent need" to protect individuals from dangerous products. *See N.J.S.A* 2A:58C-1.  Notwithstanding the chilling effect on the marketplace as a whole were this provision lawful, this provision defies the clear language of the NJPLA and thus violates the TCCWNA.

69.     Moreover, the Terms and Conditions purport to bar Plaintiffs from seeking punitive damages for any and all harm caused by Defendants.  Such a provision is contrary to the NJPDA. This provision purports to absolve Defendant of its legal obligation to refrain from maliciously and/or wantonly and/or willfully creating an unreasonable risk of harm to individuals.  Likewise,

the provision purports to bar Plaintiffs who adequately plead and demonstrate punitive damages to be applicable from pursuing same.  This provision violates the TCCWNA.

70.     Lastly, the Terms and Conditions purport to bar Plaintiffs from exercising their legal rights under the U.C.C. and dually purport to absolve Defendants of their legal duty to refrain from causing economic damage and/or property damage to consumers and prospective consumers. By purporting to bar Plaintiffs from seeking damages, whether in tort or in contract, Defendants violate the TCCWNA.

71.     Pursuant to *N.J.S.A.* 56:12-17, Plaintiff and the Class are entitled to (a) a civil penalty of not less than $100, payable to Plaintiff and each Class Member, for each violation of the TCCWNA; and (b) reasonable attorneys' fees and court costs.

72.     Plaintiff reserves the right to identify additional provisions of the law violated by Defendant as further investigation and discovery warrant.

## DEMAND/PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and members of the Class defined herein, prays for judgment and relief as follows:

A.     An Order certifying that this action may be maintained as a class action;

B.     Judgment awarding to Plaintiff and Class Members not less than $100 for each violation of the TCCWNA;

C.     An Order terminating the above-referenced language in the "Disclaimer of and Limitation of Liability as to this Site and Content" and "Disclaimer and Limitation of Liability as to Products and Services" provisions of the "Terms & Conditions" set forth on Defendant's website, www.croscill.com, and ordering Defendant to remove said terms from its website;

D.     Plaintiff's reasonable attorneys' fees and court costs; and

E.      Such other and further relief as the Court may deem necessary and appropriate.

### JURY DEMAND

Plaintiff and Class Members, pursuant to Fed. R Civ. P. 38(b), hereby demand trial by jury.

Respectfully submitted,
**CLARK LAW FIRM, PC**

By: _____
**GERALD H. CLARK, ESQ.**

Gerald H. Clark, Esq. NJ Bar No.048281997
Mark W. Morris, Esq. NJ Bar No. 118292015
Lazaro Berenguer, Esq. NJ Bar No. 042352013
811 Sixteenth Avenue
Belmar, New Jersey 07719
Phone: (732) 443-0333
Fax (732) 894-9647
Fax: (504) 524-5763

Scott J. Ferrell, Esq. (*PHV Pending*)
Victoria Knowles, Esq. (*PHV Pending*)
Newport Trial Group
4100 Newport Place, Suite 800
Newport Beach, CA 92660
Phone: (949) 706-6464
Fax: (949) 706-6469

*Attorneys for Plaintiff*

Dated: March 1, 2016